UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON MICHAEL DECAP, ) | |
|   Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-1229 |
| ) | |
| ROB JEFFREYS, et. al., ) | |
|   Defendants ) | |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

    Plaintiff, a *pro se* prisoner, has filed a complaint identifying five Defendants including Illinois Department of Corrections Director Rob Jeffreys, Illinois Prisoner Review Board Chairperson Craig Findley, Robinson Correctional Center Warden Rachel Dodd, Henry County Sheriff Kerry Loncka, and Stateville Correctional Warden David Gomez. Plaintiff has used a standard complaint form pursuant to 42 U.S.C.§1983 and his complaint was filed pursuant to this statute. However, Plaintiff has marked "unknown" for the basis of his lawsuit. (Comp, p. 2).

    The body of Plaintiff's complaint does not provide clarification. Plaintiff first states he was discharged from Robinson Correctional Center on March 27, 2020 and his sentence included one year of "parole." (Comp., p. 6). However, when Plaintiff was arrested again on November 25, 2020 for a new charge, he went before the Prisoner Review Board (PRB) for a parole violation. Plaintiff is apparently claiming he was no longer on parole at the time of the November arrest.

Plaintiff then claims after the PRB hearing, two old cases from 2017 and 2018 (Case No. 17 CF 320 and 18 CF 418) "unlawfully added 2 years to my already incorrect 3-27-22 discharge date." (Comp., p. 6). Plaintiff says an unknown IDOC employee "unlawfully entered information for those cases" which increased his sentence. (Comp., p. 9). Plaintiff does not explain his claim further or where any of the cases originated or when he believes his sentence should expire. Plaintiff also does not explain how any of the named Defendants are involved in his claims.

Whatever the cause, Plaintiff claims his sentence and release date are inaccurate. Plaintiff is seeking both his immediate release and monetary damages. (Comp., p. 11).

First, Plaintiff cannot seek his release and damages in the same lawsuit. For instance, an inmate may seek damages in a suit pursuant to 42 U.S.C. §1983 if the inmate is incarcerated beyond the termination of his sentence without penological justification and if the extended incarceration was the result of defendants' deliberate indifference. *See Campbell v Peters*, 256 F.3d 695, 700 (7th Cir. 2001); *Werner v. Wall*, 836 F.3d 751, 760 (7th Cir. 2016).

However, "[a]ny challenge to the duration of custody must proceed through a petition for a writ of *habeas corpus*." *Kendrick v. Hamblin*, 606 F. App'x 835, 838 (7th Cir. 2015); *see also Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (holding that *habeas corpus* is exclusive federal remedy for person in custody challenging duration of custody when result he seeks is speedier release). Therefore, if Plaintiff is seeking his release from custody, he must file a *habeas* petition.

Second, public records indicate Plaintiff has an extensive criminal history which appears to have led to some confusion for Plaintiff. For instance, the IDOC website states Plaintiff is currently incarcerated based on sentences for three cases including possession of a controlled substance (Case No. 18 CF 978, Rock Island County), a felony criminal trespass (Case No. 18 CF 418, Henry County), and a domestic violence case (Case No. 17 CF 320, Henry County).[1] Plaintiff's projected parole/release date is July 26, 2022.

Public records from both Henry and Rock Island Counties provide more detailed information. Plaintiff was sentenced to one year of mandatory supervised release on May 23, 2019 in Rock Island Case 18 CF 978.[2] Plaintiff was also sentenced to one year of mandatory supervised release in Henry County Case 18 CF 418 on October 2, 2019. However, in Henry County Case 17 CF 320, Plaintiff's probation was revoked, and he was resentenced on October 2, 2019 to 18 months in the Department of Corrections and *four years* of mandatory supervised release.[3] Therefore, Plaintiff was still on probation when he was arrested for another offense in November of 2020. The records do not indicate an error in Plaintiff's sentence calculation and Plaintiff's complaint is insufficient.

---

[1] ILLINOIS DEPARTMENT OF CORRECTIONS, Individuals in Custody, Individuals in Custody (illinois.gov), (last visited December 2, 2021).
[2] JUDICI, Rock Island County, IL | Case Search (judici.com), (last visited December 2, 2021).
[3] JUDICI, Henry County, IL | Case Search (judici.com), (last visited December 2, 2021).

Therefore, Plaintiff's complaint is dismissed for failure to clearly articulate a claim upon which relief can be granted.  However, if Plaintiff believes he can clarify his intended claim, he may file an amended complaint within 21 days of this order.

Since Plaintiff did not specify the basis of his complaint, Plaintiff **must** first indicate if this case was intended as a *habeas petition* pursuant to 28 U.S.C. §2254 seeking his release from custody, or a complaint pursuant to 42 U.S.C.§1983 seeking damages.[4] Second, Plaintiff must clearly explain his claim and why he believes he is entitled to relief.  Third, Plaintiff must explain the involvement of any named Defendant.  Fourth, Plaintiff's amended complaint or *habeas* petition must stand complete on its own and must not refer to any previous filing.

Finally, Plaintiff's motion for appointment of counsel is denied with leave to renew if Plaintiff chooses to file an amended complaint or *habeas* petition. [5].

IT IS THEREFORE ORDERED:

1) Plaintiff's compliant is dismissed for failure to state a claim upon which relief can be granted.

2) If Plaintiff believes he can either articulate a claim for damages pursuant to 42 U.S.C. §1983 or a *habeas* petition seeking his release, he may submit an amended filing on or before 12/23/2021.  If Plaintiff fails to file anything further on or

---

[4] Plaintiff is reminded he must exhaust available administrative remedies in state court before filing a *habeas* petition. See 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).  !

4

before 12/23/2021, his case will be dismissed, and Plaintiff will still owe the filing fee accessed in this case.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew if Plaintiff chooses to file an amended pleading [5].

4) The Clerk of the Court is to provide Plaintiff with a blank §1983 complaint form and a blank *habeas* form to assist Plaintiff.  Plaintiff must choose which to file in this case. The Clerk is also directed to reset the merit review deadline within 30 days of this order.

ENTERED this 2nd day of December, 2021.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE