UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRANDON MICHAEL DECAPP, )
   Plaintiff, )
)
vs. ) Case No. 21-1229
)
ROB JEFFREYS, et. al., )
   Defendants )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's Motion for Leave to File an Amended Complaint. [10].

Plaintiff's initial complaint was dismissed for failure to state a claim upon which relief could be granted. *See* December 2, 2021 Merit Review Order. Plaintiff alleged his current prison sentence and release date were inaccurate and he was requesting both monetary damages and his release from custody.[1]  Plaintiff did not clearly state whether he was filing "a *habeas petition* pursuant to 28 U.S.C. §2254 seeking his release from custody, or a complaint pursuant to 42 U.S.C.§1983 seeking damages." December 2, 2021 Merit Review Order, p. 4.

In addition, it was difficult to understand the basis of Plaintiff's claim and a review of Plaintiff's criminal history did not assist the Court. *See* December 2, 2021 Merit Review Order, p. 3.  Plaintiff was given time to file an Amended Complaint to clarify his allegations and whether he was filing a *habeas petition* or an action pursuant to §1983.

1

Plaintiff has now submitted his proposed amended complaint which has been filed as a Motion for Leave to Amend. [10]. The motion is granted pursuant to Federal Rule of Civil Procedure 15. [10].

Plaintiff has clarified he is filing a complaint pursuant to §1983 alleging a violation of his due process rights and seeking damages. [10]. The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

There are still several problems with Plaintiff's pleading. It is unclear if Plaintiff has filed his claims in the correct court or if he had named the appropriate defendants or if he can articulate a constitutional violation. Plaintiff must file his lawsuit in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b).

Plaintiff has identified three Defendants: Illinois Department of Corrections Director Rob Jeffreys, Robinson Correctional Center Warden Rachel Dodd, and Stateville Correctional Center Warden David Gomez. However, Plaintiff filed his

complaint in the Central District of Illinois and Robinson is located in the Southern District of Illinois and Stateville is located in the Northern District of Illinois.

In addition, Plaintiff says he named the three Defendants because they are supervisors responsible for the actions of their subordinates. However, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992) (supervisors are not liable for the errors of their subordinates). Instead, a plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Finally, it is still difficult to determine the basis of Plaintiff's claim. Plaintiff says he was in Henry County in October of 2019 to be "resentenced" in a felony domestic battery case, Case No. "17 CF 320." (Comp., p. 6). Plaintiff claims at the time, he was already in custody for a Rock Island Case concerning possession of a controlled substance, Case No. "18 CF 978." (Comp., p. 6). Plaintiff was then taken to Stateville Correctional Center on October 3, 2019, but he claims IDOC officers did not take his court papers. Plaintiff was later transferred to Robinson Correctional Center in November of 2019. Plaintiff claims he was never given a sentence calculation sheet for

either case. Plaintiff was ultimately released from custody on March 27, 2020. There is no clear indication that Plaintiff is disputing this discharge date.

Instead, Plaintiff says he was arrested on a new charge in Rock Island County on November 25, 2020, and a parole revocation hearing was held on April 14, 2021. As a result, Plaintiff was sent back to IDOC. While not entirely clear, it appears Plaintiff is alleging there was some miscalculation in his sentence, and he should have been released on April 14, 2021 instead of reincarcerated.

According to Illinois Department of Corrections (IDOC) online records, Plaintiff is currently in custody pursuant to Rocks Island County Case No. 18 CF 978, and Henry County Cases 18 CF 418 and 17 CF 320.[1] The record also indicates Plaintiff was admitted to IDOC on April 21, 2021, the day Plaintiff claims his Mandatory Supervised Release (MSR) was revoked, and his projected parole date and discharge date is now May 10, 2022.

It appears Plaintiff was still on MSR when he was arrested for the new offense in November of 2020. Therefore, if the Prisoner Review Board found Plaintiff guilty of violating the terms of his release, they could choose to send Plaintiff back to IDOC for any portion of the imposed maximum term of imprisonment or confinement which had not been served at the time of parole, minus "the time elapsed between the parole of

---

[1] ILLINOIS DEPARTMENT OF CORRECTIONS, Inmate Search, https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited April 11, 2022)

person and the commission of the violation for which parole was revoked." 730 ILCS 5/3-3-9 (a)(3)(i)

Plaintiff has also provided a copy of the judgment in Rock Island Case No. 18 CF 2019 which indicates he was sentenced on June 3, 2019 to three years of incarceration and one year of MSR. When Plaintiff's MSR was revoked, did he still have time left to serve on the three- year sentence?

Because Plaintiff is proceeding *pro se* and it is still difficult to discern the basis of his claim, the Court will allow one final opportunity to file an amended complaint. "[D]istrict courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Donald v Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). However, the Plaintiff is cautioned "these general principles have some limits." *Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011). Leave to replead will not be allowed after "repeated failure to cure deficiencies by amendments previously allowed." *Foman v Davis*, 371 U.S. 178, 182 (1962); *see also Stanard,* 658 F.3d at 801 (7th Cir. 2011)(dismissed after plaintiff "had three opportunities to file a complaint that complied with the rules, yet he failed to follow basic instructions from the court."); *Lyon v. Brown*, 1998 WL 246685 at 2 (7th Cir. May 12, 1998)(dismissed after court allowed plaintiff third opportunity to cure specific deficiencies and warned final opportunity to correct deficiencies).

Plaintiff's second amended complaint must clearly state when he believes he should have been released from custody, why he believes this is the correct date, and

specifically why he believes there was an error in calculating his out date.   It appears Plaintiff is alleging he should have been released even if the Prisoner Review Board found he had violated the terms of his release.  Does Plaintiff believe he had already served the three-year sentence in Case No. 18 CF 978? Did Plaintiff address this issue with the Prisoner Review Board?  What response did he receive?   Does Plaintiff still have a pending case concerning his arrest in November of 2020?

IT IS THEREFORE ORDERED:

1) Plaintiff's Motion for Leave to File an Amended Complaint is granted pursuant to Federal Rule of Civil Procedure 15. [10].

2) Plaintiff's Amended Complaint is dismissed pursuant to 28 U.S.C. §1915A for failure to state a claim upon which relief may be granted.

3) If Plaintiff believes he can articulate a claim, he may file a second amended complaint on or before May 4, 2022.   The second amended complaint must stand complete on its own, include all claims and defendants, and must not refer to any previous filing.

4) If Plaintiff fails to file his proposed second amended complaint by the deadline or fails to provide the information outlined in this order, his case will be dismissed with prejudice.

5) Plaintiff's Motion for Appointment of Counsel is denied with leave to renew after Plaintiff clarifies his claims.[9].

6) The Clerk is to provide Plaintiff with a blank complaint form and reset the internal merit review deadline within 30 days.

7) Plaintiff is reminded he must IMMEDIATELY notify the Court in writing of any change in his mailing address or telephone number. Failure to provide this information will lead to the dismissal of his lawsuit.

ENTERED this 12th day of April, 2022

                              s/ James E. Shadid
                         _____
                               JAMES E. SHADID
                         UNITED STATES DISTRICT JUDGE